**UGLOW et al. v. SOUTHERN.  (No. 10117.)**

(Court of Civil Appeals of Texas. Ft. Worth. March 3, 1923.)

**I. Husband and wife ⚖️255—Equity In farm held to belong in part to community and in part to wife's separate estate.**

Where a farm was purchased in the name of a husband, the cash payment being advanced from the wife's separate estate and the balance of the purchase price being represented by vendor's lien notes executed by the husband, the equity in the farm belonged in part to the separate estate of the wife and in part to the community, depending on the pro rata amount contributed by each, and property acquired as a result of the sale of all the equitable interest was similarly owned.

**2. Execution ⚖️283—Directed verdict against purchaser at sale under execution against husband held erroneous.**

Where plaintiff claimed the property as heir of his mother and defendants had purchased it at sale under execution against the mother's second husband and it appeared that the property in controversy was part of that acquired by exchange of a farm which belonged in part to plaintiff's mother as her separate estate and in part to the community, that plaintiff's stepfather had deeded to him a part of the property acquired by exchange of the original property, and there was no evidence as to the relative values of the tract in controversy and the part of the property received by plaintiff, it was error to direct a verdict for plaintiff,

since the stepfather had inherited at least a life interest in one-third of the premises belonging to his wife, which was subject to sale under execution, and was entitled to a proportion of the property received in exchange for the original property representing the interest of the community estate in the original property.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Harry Southern against Daniel Uglow and others. Judgment for plaintiff on directed verdict, and defendants appeal. Reversed and remanded.

Chas. T. Rowland and Marvin H. Brown, both of Fort Worth, for appellants.

R. L. Carlock, of Fort Worth, for appellee.

DUNKLIN, J. This suit involves the title to 15 lots of land situated in the city of Fort Worth. The plaintiff, Harry Southern, claimed the property by inheritance from his mother, Mrs. Laura Swor, alleging that the same belonged to her separate estate. The defendants, Chas. T. Rowland and Daniel Uglow, claimed the property by purchase at a sale made by the sheriff under an execution issued on a judgment rendered against Frank Swor, husband of plaintiff's mother, and they have appealed from a judgment in plaintiff's favor upon an instructed verdict given by the court to the jury before whom the case was tried. The judgment was also against Frank Swor as one of the defendants, but no appeal has been prosecuted by him.

The record shows that plaintiff, Harry Southern, was the son of Mrs. Laura Swor by a former marriage. Frank Swor and his brother, Holman Swor, purchased a farm of 155 acres for $12,645. $4,000 of the consideration was paid in cash, and Frank Swor and Holman Swor executed their promissory notes for the balance of the consideration. They each furnished one-half of the cash consideration paid. But the $2,000 furnished by Frank Swor was the separate property of his wife. Later, he purchased Holman Swor's interest in the farm for a cash consideration of $2,000, which was the same amount that Holman Swor had advanced in the first instance, but the consideration so paid to Holman Swor was also out of the separate estate of Mrs. Laura Swor. Neither Frank Swor nor Holman Swor ever made any further payment upon the vendor's lien notes executed by them in part consideration for the farm. After the death of Mrs. Laura Swor, Frank Swor traded the farm for three pieces of property situated in the city of Fort Worth, all of which were incumbered; the purchaser assuming payment of the vendor's lien notes against the farm. Plaintiff, Harry Southern, joined in that deed of conveyance, but the property given in exchange was deed-

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed to Frank Swor. Thereafter one piece of the property so acquired by Frank Swor was traded for the 15 lots in controversy. Frank Swor never paid off the incumbrance against the property so traded by him for the 15 lots, but that incumbrance was assumed by the vendor of those lots, who assumed the incumbrance against the property traded therefor.

Suit was instituted against Frank and Holman Swor on the notes which they executed for the farm, and the farm was sold under a foreclosure of the lien decreed in that suit, but after applying the proceeds of that sale to the judgment a balance was left unpaid. Execution was issued against Frank Swor to collect that balance, and the writ of execution was levied upon the property in controversy, and at the sale thereunder defendants Rowland and Uglow were the purchasers.

Two pieces of property received by Frank Swor, in exchange for the farm, incumbered as it was, were traded for two other incumbered pieces of property, and the two pieces of property so received were deeded to the plaintiff, Harry Southern, by Frank Swor. Apparently those conveyances were made in part consideration at least of the fact that Harry Southern had inherited some equitable interest in the farm from his mother. But the record does not show whether or not it was understood between Frank Swor and plaintiff that such conveyances would be in full satisfaction of the interest so inherited by the plaintiff. Nor is there any evidence in the record to show the comparative values of those two pieces of property and the 15 lots in controversy. There is also an absence in the record of any proof of the amount realized for the farm under the foreclosure sale.

[1] The vendor's lien notes given by Frank Swor in part consideration for the farm were community debts, and it is well settled by the authorities that if those notes had been paid, then the farm would have belonged in part to the community estate of himself and wife, and in part to the separate estate of Mrs. Laura Swor, and interest of each estate being determined on a pro rata basis by the amount contributed by each in the purchase of the farm. The property in controversy was acquired as a result of the sale of all the equitable interest in the farm owned by both the community and separate estates, and the interest of each estate, if both acquired an interest, could not be determined in any event without a showing of the value of the property realized from the sale of the farm by Swor.

[2] To say the least, Frank Swor owned a life estate in one-third of the property in controversy by the inheritance from his wife, and that interest, and also any interest belonging to the community estate, passed to the defendants in the suit under the execution sale. There has been no determination of the equities between him and the plaintiff, and the record before us fails to show any basis for such determination, although it does show that the plaintiff does not in any event own title to all the interest in the property in controversy. So far as shown by the record, Frank Swor owned a life estate by inheritance from Mrs. Swor and possibly also some further interest by reason of the fact that plaintiff has already received a part of the proceeds of the sale of the farm which in equity, should be charged against any interest he may have inherited from his mother. All of Swor's interest passed to defendants under the execution sale, and also any community interest, if, upon another trial, such community interest shall be established by proof.

Under all the circumstances recited above, the court erred in instructing a verdict in plaintiff's favor for the entire title to the property in controversy, and accordingly the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.